UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BECKY MCINTOSH**                                                                                              **PLAINTIFF**

**V.**                                                                              **CIVIL ACTION NO. 3:07CV60 DPJ-LRA**

**NISSAN NORTH AMERICA, INC.,**
**NISSAN TECHNICAL CENTER NORTH AMERICA, INC.**
**AND JOHN DOES I-V**                                                                                      **DEFENDANTS**

**ORDER**

This products liability case is before the Court on Defendant Nissan North America, Inc.'s motion for summary judgment [59]. The Court, having fully considered the record and applicable authorities, finds that Defendant's motion should be granted.

**I.      Facts/Procedural History**

On August 13, 2006, Plaintiff Becky McIntosh was involved in a single vehicle accident when she lost control of her 2003 Nissan Altima on a rain-soaked road and drove into a stand of trees. According to the accident report, Plaintiff's speed was "too fast for conditions." Believing that her vehicle was the proximate cause of the accident and that it caused enhanced injuries, Plaintiff sued Nissan North America, Inc. ("NNA") and other defendants who apparently have not been served.

Plaintiff, in her Amended Complaint, alleged a variety of causes of action, including the following: failure to properly design, test, manufacture, market, inspect and/or repair; failure to warn; failure to give post-sale warnings or modifications; and negligence. Amended Complaint ¶ 15. More specifically, Plaintiff alleged breach of warranty that the vehicle was defect-free; insufficient warnings as to possible vehicle instability; inadequate structural function; inadequate design and manufacture; defective brakes; lack of crash-worthiness; inadequate interior energy-

absorbing materials; defective fuel tank; defective fuel line; propensity for engine stalls leading to a risk of crashes; and defective air bag restraint system. *Id*. ¶¶ 19, 22, 26.

To support her claims, Plaintiff designated a mechanical engineer, Alvin K. Rosenhan, as her lone liability expert. Significantly, Mr. Rosenhan limited the scope of his opinions to the airbag system, opining that it should have deployed, but did not. Plaintiff offered no expert opinions or other evidence in support of her remaining theories of liability.

On July 29, 2008, Defendant moved to strike Mr. Rosenhan's expert opinions for his lack of requisite experience and for inadequate methodology [57]. Plaintiff never responded and never sought an extension of time within which to respond. On that same date, Defendant moved for summary judgment [59]. Plaintiff failed to file a timely response, but she did file a motion for an extension after the deadline passed [61]. The Court granted Plaintiff's motion and ordered her to respond no later than August 29, 2008. When that date came and went, the Court entered a Show Cause Order [63], directing Plaintiff to either "respond to or confess Defendant's motion" no later than October 20, 2008. The order further stated that "[f]ailure to timely respond to this order may result in the granting of Defendant's motion pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of this Court." Plaintiff never responded.

**II.     Analysis**

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

    A.    <u>Failure to Respond</u>

As a technical matter, the Court grants the motion to strike as unopposed under Local Rule 7.2(c)(2). Even if this were not the case, Mr. Rosenhan's opinions fall well short of Rule 702's standards. Mr. Rosenhan merely looked at the damage and "felt there was enough force [for the airbag] to have done something." Rosenhan Depo. at 136. He acknowledged in his deposition, however, that he does not know the specifications for deployment. *Id.* at 140. He also testified that the airbag system has various components that could cause it not to deploy, and

while he believes one of those was defective in some way, he has not performed the available tests that would allow him to further pin-point the reason for non-deployment. *Id*. at 141-2, 179. Accordingly, he could not say that any one component was defective. *Id*. at 142. Finally, he acknowledged non-defect related reasons for a non-deployment. *See id*. at 141.

Rosenhan's opinions fail to satisfy any of the non-exclusive *Daubert* factors and further fail to reflect other indicia of reliability under Rule 702. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 157 (1999) (citation omitted).

As for the summary judgment motion, the Court has authority under Rule 41(b) of the Federal Rules of Civil Procedure and pursuant to its inherent authority to dismiss this action based on Plaintiff's failure to prosecute and failure to comply with the two previous orders directing her to respond. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link*, 370 U.S. at 629-30. These sanctions notwithstanding, the Court has thoroughly reviewed the entire record and finds that Defendant's motion is otherwise meritorious.

  B.  <u>Merits of Defendant's Motion</u>

Plaintiff's Amended Complaint takes a shotgun approach, asserting the full array of potential claims under statutory and common law as to a host of alleged defects. However, her sole liability expert limited his opinions to the airbag system. There is no record evidence to

support any other claims, such as claims related to stability, the fuel system, brakes, and associated warnings and warranties.  As such, the sole remaining focus of Plaintiff's case is the airbag system.  *Celotex Corp.*, 477 U.S. at 324 (holding that plaintiff must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial").

Starting with the claims under the Mississippi Products Liability Act (MPLA), Plaintiff must prove by a preponderance of the evidence that at the time the product left the Defendant's control

> (i)    1.    The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
> 2.    The product was defective because it failed to contain adequate warnings or instructions, or
> 3.    The product was designed in a defective manner, or
> 4.    The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and
>
> (ii)    The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii)    The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a) (Rev. 2002).

To begin with, expert testimony is generally necessary to prove a product was defective *at least* as to design and manufacture under section 11-1-63, and Mr. Rosenhan's opinions have been stricken.  *See Hammond v. Coleman Co., Inc*., 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999). However, even with Mr. Rosenhan's opinions, Plaintiff's MPLA claims would still fail.

As previously stated, Mr. Rosenhan simply does not know why the airbag did not deploy. He readily described various causes for non-deployment, some of which are not defect related.

Moreover, he testified that different components of the airbag system might cause a failure, but he did not know which component allegedly failed in this instance, and he would not opine that any one component was defective. Similarly, he could not say whether this was a design or manufacturing issue. Finally, there is no reliable evidence in the record to suggest that the condition leading to non-deployment existed at the time the product left the Defendant's hands, which is an essential element under section 11-1-63(a). At best, the expert merely says that the airbag did not deploy as he would expect. However, under Mississippi law, the mere fact of an accident or injury is not sufficient to prove a product defect. *Wolf v. Stanley Works*, 757 So. 2d 316, 321 (Miss. Ct. App. 2000) (affirming summary judgment where "[t]here was no effort to show a specific defect in the design of the sensor, but reliance was placed solely on the evidence that the door shut prematurely"). For these reasons, each claim under section 11-1-63 must be dismissed.

     Plaintiff's MPLA claims fail for a second causation related reason–Plaintiff seeks damages for enhanced injuries, but there is no credible evidence that her injuries were enhanced by the alleged airbag malfunction. Plaintiff has the burden of proving that the "defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought." Miss. Code Ann. § 11-1-63(a)(iii); *see also Williams v. Bennett*, 921 So. 2d 1269, 1274 (Miss. 2006) (holding that plaintiff must prove that the defect "proximately caused the injury"); *Moore ex rel. Moore v. Miss. Valley Gas Co.,* 863 So. 2d 43, 46 (Miss. 2003) ("[I]t is incumbent upon the plaintiff in any products liability action to show that the defendant's product was the cause of the plaintiff's injuries."). Here, there is no record evidence regarding a causal link between enhanced injury and the alleged defect, and Mr. Rosenhan testified that he is

6

not qualified to offer such testimony. Rosenhan Depo. at 144-6.

In addition to these general deficiencies in her MPLA case, Plaintiff cannot prevail on a manufacturing defect claim because she has not identified any such defect and her expert cannot say whether one existed. Conversely, the design defect claim fails because the expert cannot identify a design defect. Given that testimony, it is not surprising that Rosenhan has not developed a feasible alternative design. Rosenhan Depo. at 179. This too is an essential element of a MPLA design defect claim. *See* Miss. Code Ann. § 11-1-63(f)(ii); *Guy v. Crown Equip. Corp*. 394 F.3d 320, 327 (5th Cir. 2004); *Williams*, 921 So. 2d at 1277 (holding that feasible alternative design is a statutory prerequisite). Also, Mr. Rosenhan testified that as far as he knew, all of the components met industry specifications. Rosenhan Depo. at 180. This further undermines the design defect theory. *See Moore ex rel. Moore*, 863 So. 2d at 46-7 (affirming summary judgment in part because product met all industry standards).

The warnings and warranty claims fail for the same causation deficiencies identified above plus some additional reasons. First, Plaintiff has not created a fact question as to whether Defendant "breached an express warranty or failed to conform to other express factual representations" upon which she justifiably relied in electing to use the product. Miss. Code Ann. § 11-1-63(a)(i)(4). Second, without knowing whether the airbag system was defective when it left Defendant's control, she cannot prove that it failed to satisfy warranties. Finally, Mississippi does not impose a post-sale duty to warn. *Noah v. General Motors Corp.*, 882 So.2d 235, 239 (Miss. Ct. App. 2004).[1]

---

[1] The Court takes note of *Forbes v. Gen. Motors Corp*. with respect to the warranty claim, but finds that case distinguishable because the *Forbes* plaintiff provided proof related to representations and detrimental reliance, and the case did not present the same causation

Plaintiff's common law negligence claims also fail because there is no evidence of breach or causation. Moreover, Rosenhan's testimony that the components met industry standards defeats the negligent design claim. *See, e.g., Hobson v. Waggoner Eng'g, Inc.*, 878 So. 2d 68, 77 (Miss. Ct. App. 2003) (holding that Mr. Rosenhan's testimony in that case was insufficient to show negligent design where he could not say whether the product deviated from industry standards).

### III.  Conclusion

Based on the foregoing, the Court finds that Defendant's motion for summary judgment is well-taken and should be granted. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

problems present in this record. 935 So. 2d 869 (Miss. 2006).